FILED
2023 Feb-08  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**DEBORAH L. DUNN,**
    Plaintiff,

**v.**
                                **Case No. 4:22-cv-1270-CLM**

**BRADLEY SLADE, *et al.*,**
    Defendants.

## MEMORANDUM OPINION

Plaintiff Deborah L. Dunn filed this action after the unexpected death of her daughter. Because the court granted her motion to proceed *in forma pauperis*, the court must review her complaint at this stage, and dismiss the complaint if it "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons explained below, the court finds that Ms. Dunn has failed to state a plausible claim for relief, and will dismiss this action without prejudice.

### STATEMENT OF FACTS

Deborah Dunn lives in Virginia. Ms. Dunn's daughter passed away unexpectedly at her home in Alabama on September 22, 2022. (Doc. 1, p. 7). A few days later, on September 30, 2022, Ms. Dunn sued (1) Bradley Slade, the Odenville Police Department Captain, (2) Dennis Russell, the St. Clair County Coroner, (2) Jackson, an officer, and (4) Bessemer, an officer. (Doc. 1).

The complaint explains that after the death of Ms. Dunn's daughter, Captain Bradley Slade of the Odenville Police Department was assigned to oversee the death investigation. (Doc. 6, p. 2).

Ms. Dunn alleges seven counts against the Defendants: (1) failing to complete duties; (2) failing to notify Ms. Dunn of her child's death; (3) providing untrue and misleading information; (4) discrimination; (5) failing to follow

proper procedures regarding the handling of evidence; (6) providing false information; and (7) theft of property belonging to the deceased. (Doc. 6).

The court granted Ms. Dunn's motion to proceed *in forma pauperis*. (Doc. 4). When the court grants such a motion, the court becomes bound to review the complaint before effectuating service. *See* 28 U.S.C. § 1915(e)(2).

The court attempted to review Ms. Dunn's complaint, but several parts were difficult to read. (*See* Doc. 4). So court ordered Ms. Dunn to file an amended complaint that was typed or written as clearly and legibly as possible. (*Id*.). The court also instructed Ms. Dunn to ensure that her complaint contained separate counts, with no more than one claim for relief per count, and contained allegations of fact that support each count. (*Id*.). Ms. Dunn filed an amended complaint that substantially complies with these requirements. (Doc. 6). So the court must now review her complaint to determine if it "state[s] a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEGAL STANDARD

This court must review the merits of *in forma pauperis* complaints. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing a complaint for failure to state a claim, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Ms. Dunn's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This court construes *pro se* complaints liberally, but cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## DISCUSSION

The Complaint contains seven counts. The court considers each in turn.

### A. Count 1

In Count 1 of her Complaint, Ms. Dunn alleges that Captain Bradley Slade failed to complete his duties with respect to the death investigation, and this caused Ms. Dunn to suffer severe emotional distress, severe anxiety, and post-traumatic stress disorder. (Doc. 6, p. 2).

The court understands that Ms. Dunn has experienced unimaginable pain and suffering since the untimely death of her daughter. But this count fails to articulate any facts that would tend to state a claim for a relief against Captain Slade. Ms. Dunn fails to explain what specific duties Captain Slade owed to her, and how he breached those duties. So the court will dismiss Count 1 because it fails to state a plausible claim for relief.

### B. Count 2

In Count 2 of her Complaint, Ms. Dunn alleges that the Defendants failed to notify her about her daughter's death, despite Ms. Dunn being her daughter's "next of kin."  (Doc. 6, pp. 2–3).

Ms. Dunn does not specify which law(s) required the Defendants to notify her. Section 45-2-61.09 of the Alabama Code imposes a "duty to notify next of kin and account for personal effects." The statute requires the "county coroner or any law enforcement having jurisdiction and with approval of the county coroner" to "take possession of personal effects on or about the dead body and ascertain that the next of kin is notified in regard to the death." (*Id.*).

This statute *might* have imposed a duty on the Defendants to contact Ms. Dunn. But Ms. Dunn fails to include enough facts for the court to determine whether she has stated a plausible claim. For example, she fails to explain when she learned about her daughter's death, and how she learned about it. She also fails to establish that she is the "next of kin" under Alabama law. So the court will dismiss Count 2 because it fails to state a plausible claim for relief.

### C. Count 3

In Count 3, Ms. Dunn alleges that Captain Slade was intentionally dishonest, and provided misleading information to her in the days following her daughter's death. (Doc. 6, pp. 3–4).

But this count does not contain enough facts for the court to find that Ms. Dunn stated a plausible claim. For example, she never explains what dishonest or misleading statements Captain Slade made to her. She also does not explain what duty, if any, the Defendants had to communicate with her at all. So the court will dismiss Count 3 because it fails to state a plausible claim for relief.

### D. Count 4

In Count 4 of her Complaint, Ms. Dunn alleges that the Defendants discriminated against her, her daughter, and her five grandchildren. (Doc. 6, p. 5). To support this claim, she explains that Captain Bradley Slade told her that the place where her daughter died "was a known drug house." (*Id.*).

The court concludes that this allegation is insufficient to establish a claim for discrimination on the basis of any protected class status. So the court will dismiss Count 4 because it fails to state a plausible claim for relief.

### E. Count 5

In Count 5, Ms. Dunn alleges that the Defendants failed to follow procedures related to the proper handling of evidence, and a result, Ms. Dunn had to spend her own money to investigate issues related to her daughter's death. (Doc. 6, pp. 6–8). She also explains that the Defendants ignored her emails and phone calls, and failed to charge the person she believes should have been charged. (Doc. 6, p. 7).

But none of the facts alleged by Ms. Dunn support a plausible claim for relief. So the court will dismiss Count 5.

### F. Count 6

In Count 6, Ms. Dunn alleges that the Defendants communicated false information to her, and included false information in the reports and documents related to her daughter's death. (Doc. 6, pp. 8–9). But she fails to explain what specific information was inaccurate, and when it was communicated to her. So the court will dismiss Count 6 because it fails to state a plausible claim for relief.

### G. Count 7

Ms. Dunn pleads six counts (*see* Doc. 6, p. 2-10), but in her prayer for relief, she asks for $2000 for "Count 7, property of deceased that was stolen." (*See id.*, p. 12). Because Ms. Dunn does not plead a Count 7, she does not explain what property was allegedly stolen, or when it was stolen. Count 6 contains some facts related to missing or stolen property, but the facts alleged do not form a claim for relief. So the court will dismiss Count 7.

\* \* \*

The court understands that Ms. Dunn has experienced unimaginable pain and suffering since her daughter passed away. The court extends its deepest sympathies to Ms. Dunn and her family. But for the reasons explained above, Ms. Dunn has failed to state a plausible claim for relief against the Defendants. And federal law requires this court to dismiss a complaint that fails to state a claim for which this court can grant relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the court will **DISMISS** this case **without prejudice**. The court will enter a separate order that **DIRECTS** the Clerk to close the case, and mail a copy of this Memorandum Opinion, and the accompanying Order, to Ms. Dunn.

**DONE** on February 8, 2023.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

5